Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVETTE RIVERA, <br><br> Plaintiff, <br><br> v. <br><br> EAST BAY MUNICIPAL UTILITIES DISTRICT, et al., <br><br> Defendants. | Case No. 24-cv-02491-JD <br><br> **ORDER RE DISMISSAL** |

Pro se plaintiff Ivette Rivera has sued the East Bay Municipal Utility District (EBMUD) and a host of individual EBMUD directors and employees (individual defendants). *See generally* Dkt. No. 1. She alleges claims of retaliation and sex-based discrimination under various state and federal statutes. *Id.* ¶¶ 64-101. EBMUD and the individual defendants waived service and moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 12-13, 18. The complaint is dismissed with leave to amend.

## BACKGROUND

As alleged in the complaint, Rivera is a "supervisory employee" at EMBUD and has worked there as a "Gardener Foreman" since January 24, 2005. Dkt. No. 1 ¶ 5. In 2015, Rivera sued EMBUD, and that action settled on April 20, 2021. *Id.* ¶¶ 6-7. Rivera says that before filing suit, her "performance appraisal averages throughout the years contained 85%-100%, Exceptional or Exceeds ratings" but that afterwards "her appraisal ratings for Exceptional or Exceeds Expectations plummeted to 0% to 14% appraisal ratings." *Id.* ¶ 8. She further says that after the litigation her appraisal ratings "typically became 75% Meets Expectations, 25% Exceeds Expectations and 0% Exceptional." *Id.*

The complaint's allegations at this point become quite difficult to follow. It appears that in March 2021 at EBMUD public board meetings Rivera began commenting that others' remarks were not accurately reported in meeting minutes, stating that other local agencies don't have similar pesticide-application policies, criticizing EBMUD for defending against various lawsuits, and reading from filings in a lawsuit against EBMUD. *Id.* ¶¶ 9-18.

Rivera lists, without saying why, a series of events involving different people including, *inter alia*, (1) denial of overtime in June 2021 and November 22; (2) denial of an extension of time to file an administrative appeal of the denial of a "retaliation and discrimination determination letter" when the deadline fell during plaintiff's scheduled vacation; (3) a proposed revised Performance Plan for which Rivera asked for a "classification study" because she did not like the proposal; (4) that a union representative was permitted more time than Rivera to speak at a single public board meeting; (5) attempts to require Rivera to attend mediation with supervisors with whom she was having repeated disputes due to performance evaluations; and (6) the retraction of a "Needs Improvement" performance appraisal given to one of Rivera's male subordinates. *Id.* ¶¶ 19-43. These events are said to have occurred between April 2021 and December 2023. *Id.*

In April 2024, Rivera sued EBMUD again along with sixteen individual defendants, alleging discrimination and retaliation in violation of 42 U.S.C. § 1983 (Counts I and IV); conspiracy to interfere with an individual's civil rights in violation of 42 U.S.C. §§ 1985, 1986 (Counts II and III); sex-based discrimination and retaliation under federal and California state antidiscrimination laws (Counts V and VI); and requesting declaratory relief. Dkt. No. 1 ¶¶ 64-101. EBMUD and the individual defendants separately moved to dismiss the complaint on various grounds under Rule 12(b)(6). Dkt. Nos. 12-13. Rivera timely filed her opposition to EBMUD's motion but did not separately respond to the individual defendants. Dkt. No. 19. The Court took the motions under submission without oral argument. Dkt. No. 18.

## LEGAL STANDARDS

Rivera is proceeding pro se, so her "complaint is read generously and with a forgiving eye." *Lovelady v. U.S. CBP*, No. 24-cv-00075-JD, 2025 WL 523901, at *1 (N.D. Cal. Feb. 18, 2025). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim

showing that the pleader is entitled to relief." A plaintiff's burden to provide the "'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quotations omitted). In other words, "[a] complaint must proffer 'enough facts to state a claim to relief that is plausible on its face.'" *Red v. Heck*, No. 20-cv-02853-JD, 2020 WL 6562305, at *1 (N.D. Cal. Nov. 9, 2020) (quoting *Twombly*, 550 U.S. at 570). Although all factual allegations must be accepted as true, and all reasonable inferences made in the plaintiff's favor, "the Court will not credit conclusory statements or speculation or legal conclusions dressed up as fact." *Lovelady*, 2025 WL 523901, at *1.

## DISCUSSION

### I. CLAIMS AGAINST EBMUD

#### A. SECTION 1983 CLAIMS

Counts I and IV of the complaint are dismissed.[1] In *Monell v. Department of Social Services*, the Supreme Court of the United States held that municipal entities may be sued under § 1983 when the complained-of injury is the product of "a government[] policy or custom." 436 U.S. 658, 694 (1978). Insofar as Count I seeks to hold EBMUD, which no one disputes is a municipal entity for purposes of *Monell*, liable for the allegedly unlawful acts of its employees, it is dismissed with prejudice. *See United States v. Town of Colorado City*, 935 F.3d 804, 808 (9th Cir. 2019) (citing *Monell*, 436 U.S. at 692). With respect to Count IV, the complaint does not set forth facts plausibly alleging a "policy or custom" that resulted in the complained-of injuries to sustain a § 1983 claim under *Monell*. Rivera lists several alleged policies or practices that she believes violated her constitutional rights, Dkt. No. 1 ¶ 89, but those allegations are wholly conclusory and speculative because they are untethered to any specific or concrete facts, *see Coy v. Lilith Games (Shanghai) Co., Ltd.*, No. 19-cv-08192-JD, 2022 WL 3214320, at *2-3 (N.D. Cal.

---

[1] Count I alleges a claim under § 1983 while Count IV alleges "Monell-related Claims." Because *Monell v. Department of Social Services*, 436 U.S. 658 (1978), establishes a theory of § 1983 liability, the Court analyzes both claims together.

3

1   Aug. 9, 2022). A bare assertion that the individual incidents of which she complains were
2   "ratified" by board members is not a plausible allegation of a policy or custom. Dkt. No. 19 at 7.

### B.    SECTIONS 1985 & 1986 CLAIMS

To bring a claim under 42 U.S.C. §1985(3), which is the subsection of § 1985 relevant to the complaint's allegations, Rivera must plausibly allege, among other things, the existence of a conspiracy. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (elements of a § 1985(3) claim). Even if EBMUD could be liable for conspiring with its employees, the complaint does not contain any non-speculative or non-conclusory allegations of a conspiracy. Rivera alleges a series of events spanning the course of three years, only some of which are discernably related to one another, then summarily asserts that EBMUD "conspired to deprive" her of her rights. Dkt. No. ¶ 71. There are no allegations of an agreement, and the allegations about the various incidents do not provide a non-speculative basis from which the Court may reasonably infer the existence of a conspiracy. *See Rick-Milk Enterp., Inc. v. Equilon Enterp. LLC*, 532 F.3d 963, 976 (9th Cir. 2008); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Consequently, Count II is dismissed without prejudice. Because "a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim of relief under section 1985," Count III, too, is dismissed without prejudice. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).

### C.    DISCRIMINATION AND RETALIATION CLAIMS

The complaint also alleges unlawful sex-based discrimination (Count V) and retaliation (Count VI) in violation of Title VII of the Civil Rights Act of 1964, Pub. L. No. 88-352, 78 Stat. 241, and California's Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§ 12900-96. California courts analyze FEHA discrimination and retaliation claims under similar standards that federal courts use for Title VII claims. *See, e.g.*, *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1172-73 (9th Cir. 2001) (collecting cases); *Sada v. Robert F. Kennedy Med. Ctr.*, 56 Cal. App. 4th 138, 148, 155-56 (1997).

For Count V, Rivera must plausibly allege "(1) [she] is a member of a protected class; (2) [she] was qualified for [her] position; (3) [she] experienced an adverse employment action; and (4)

4

similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). The complaint falters at the fourth prong.

Rivera alleges two incidents in which she was denied overtime while "other men are allowed to work overtime" and that "all males reporting directly to Ed Bettencourt received OT cash payments over $10,000.00 - $60,000.00 more than Plaintiff in 2020, 2021, and 2022." Dkt. No. 1 ¶ 24. The complaint does not, however, allege facts showing those "other men" who "report[] to Ed Bettencourt," *id.*, are "similarly situated" to Rivera "in all material respects," *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006); *see Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." (quotation omitted)). There are no allegations about whether most of those men had the same role or position as Rivera or whether they performed or sought overtime at a similar frequency. Rivera also does not allege "other circumstances surrounding" those two incidents, which occurred over a year apart, that "give rise to a [plausible] inference of discrimination." *Berry v. Dep't of Social Servs.*, 447 F.3d 642, 656 (9th Cir. 2006) (quotation omitted). These same reasons also preclude the allegations concerning Juan Valencia or "one of her subordinate employees, a male of European descent," Dkt. No. 1 ¶¶ 42-43, from forming the basis of a plausible claim of sex-based discrimination.

A claim of retaliation requires plausible allegations "1) that [Rivera] acted to protect [her] Title VII rights; 2) that an adverse employment action was thereafter taken against [her]; and 3) that a causal link existed between the two events." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004); *see also Bailey v. San Francisco Dist. Attorney's Office*, 16 Cal. 5th 611, 636 (2024) (elements of retaliation claim under FEHA).

Rivera alleges that her performance appraisal averages declined after her filing suit against EBMUD in 2015, Dkt. No. 1 ¶¶ 6-8, but the complaint does not allege facts about that lawsuit that support a reasonable inference that it constituted "protected activity" under Title VII or FEHA. *See Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994); *Yanowitz v. L'Oreal USA,*

5

1  *Inc.*, 36 Cal. 4th 1028, 1042-43 (2005). Nor do the present allegations of Rivera's comments at
2  public board meetings plausibly show that she was engaged in protected activity. The complaint
3  alleges that Rivera repeatedly commented about filings in an ongoing lawsuit against EBMUD but
4  does not give any insight into the content of her comments or anything in particular she said.
5  Consequently, there is not a non-speculative basis for understanding the complaint to allege that
6  Rivera "engag[ed] in other activity intended to 'oppose[]' an employer's discriminatory practices."
7  *Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (second
8  alteration in original) (quoting 42 U.S.C. § 2000e-3(a)).[2]

9  Insofar as Rivera means to base a claim of retaliation on the fact that she was not given an
10 extension of time to appeal her discrimination and retaliation determination letter, Dkt. No. 1 ¶ 23,
11 she does not plausibly allege that "a causal link existed between" her filing of the complaint and
12 the denial of the extension, *McGinest*, 360 F.3d at 1124. In a similar vein, the complaint's other
13 allegations assert in conclusory fashion that Rivera was being retaliated against but do not provide
14 factual grounds for plausibly concluding she had engaged in "protected activity" and/or there
15 existed a causal link between such alleged activity and the allegedly adverse action.

16 **D.  DECLARATORY RELIEF CLAIM**

17 Plaintiff also seeks declaratory relief against EBMUD but only nominally so. The
18 complaint expressly states it is seeking a Court order "enjoin[ing] and restrain[ing]" EBMUD and
19 indeed alleges that "Plaintiff has no adequate remedy at law to prevent" the allegedly unlawful
20 conduct "other than through injunctive relief." Dkt. No. 1 ¶¶ 100-01. Consequently, it appears
21 that Rivera is seeking from the Court not a declaration but an injunction. An injunction is a
22 remedy, not a cause of action itself. Because Rivera has not plausibly stated a claim against
23 EBMUD, a request for injunctive relief cannot be sustained.

---

[2] As discussed, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim." Including links to a YouTube video and directing the Court to blocks of speech contained therein, some of which go for over 20 minutes, *see* Dkt. No. 1 ¶ 16, is not a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2).

## II. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Rivera's claims under § 1983 (Counts I and IV) are dismissed as to all the individual defendants. Because *Monell* is a theory of municipal-entity liability, not individual liability, Count IV is dismissed with prejudice. For Count I, the complaint's allegations do not state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8 requires no more than a "short and plain statement of the claim showing that the pleader is entitled to relief" that is "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Five of the individual defendants are EBMUD Board Directors, and as far as the Court can tell, the only specific allegations as to these individuals in the complaint are a recitation of who they are. Dkt. No. 1 ¶¶ 46-50. There are generalized allegations about the authority of board members as board members, that the board members generally ratified actions, and the conclusion that they violated the U.S. Constitution. *See, e.g.*, *id.* ¶¶ 43, 51, 66. What's missing are any concrete facts about anything these individuals may have done in connection with any alleged wrongdoing.

As for the remaining individual defendants, it is unclear which allegations Rivera is relying on to state a claim as to which individual defendant. The complaint repeatedly refers to "Defendants" writ large as having violated her rights and caused her harm, *id.* ¶¶ 64-69, but the Court cannot discern which of the sprawling and conclusory allegations, if any, are connected to a claim as to which defendant. Moreover, Rivera did not develop any meaningful opposition to the individual defendants' motion to dismiss.

Counts II and III are dismissed without prejudice as to the individual defendants for the same reasons those claims do not state a claim against EBMUD. The complaint does not allege facts providing a non-speculative basis from which the Court can reasonably infer the existence of a conspiracy among some or all of the individual defendants, and the absence of a plausible claim under § 1985 dooms a claim under § 1986. Counts V and VI, which allege sex-based discrimination and retaliation under Title VII and FEHA, are dismissed with prejudice as to all individual defendants. It is well-established that employees and supervisory employees cannot be individually liable for discrimination or retaliation under either statute. *See, e.g.*, *Miller v.*

7

*Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993); *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1162-74 (2008). Finally, Rivera's claim for declaratory (or injunctive) relief as to the individual defendants is dismissed for the reasons earlier provided.

## CONCLUSION

Because supervisory liability cannot lie against a municipal entity under § 1983, Count I is dismissed with prejudice as to EBMUD. Conversely, Count IV is dismissed with prejudice as to the individual defendants. Similarly, Counts V and VI are dismissed with prejudice as to the individual defendants. The remaining claims as to all defendants are dismissed with leave to amend. Rivera may file an amended complaint consistent with this order by March 21, 2025. No new parties or claims may be added without the Court's prior consent. Failure to meet the filing deadline or conform to this order will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 25, 2025

JAMES DONATO
United States District Judge